EASTERN DIS,
May, 1834.

## PONTCHARTRAIN RAIL ROAD CO. *vs.* DUREL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

PONTCHAR-
TRAIN RAIL
ROAD CO.
*vs.*
DUREL.

| 6 | 481 |
| e116 | 902 |
| e117 | 802 |
| e117 | 804 |

Where the vendor sells property at public auction *without title* to even a small part of it, the vendee to whom the adjudication is made, cannot be required to complete the sale and accept security.

The purchaser at public auction may object to the nullity of the sale to his vendor when it clearly appears that he has sold the thing of another.

The purchaser need not wait for eviction before he refuses to pay the price, or complete a sale which may subject him to the odium of a purchaser in bad faith.

The article 2535 of the *Louisiana Code*, which authorises the buyer who is disquieted or has reason to fear eviction, to withhold the price until security is given, applies to a buyer in possession who has accepted the sale, and not to one who discovers these defects before he accepts a deed from the seller.

It is of no avail that the vendor can give a good title to all but a very small proportion of the property sold. The buyer must have what he bought and *every part of it.*

The Rail Road Company sue the defendant to compel a compliance with the adjudication of certain lots by them to him, and to recover the first instalment due thereon, being one-fifth of one thousand six hundred and eighty dollars. In the month of June 1832, the plaintiffs caused a tract of land called the *Dascantel Plantation* to be sold in lots at public auction. The defendant bid one thousand six hundred and eighty dollars for five lots which were adjudicated to him, payable in one, two, three, four and five years. After the lapse of a year suit is brought for the first instalment, and to compel the defendant to give his notes for the remainder according to the terms of sale.

The defendant pleads a general denial and admits he was

61

EASTERN DIS.
Mvy, 1834.

PONTCHAR-
TRAIN RAIL
ROAD CO.
vs.
DUREL.

the last and highest bidder at the sale of all but one of said lots. But refuses to comply for the following reasons :

1st, That the company refuse to include in the deed of sale, certain conditions mentioned in the prospectus : " that cars will stop at the Dascantel faubourg at all times to put down and take in passengers:" and also, " that each person who may facilitate the communication between the city and the faubourg Dascantel, each person who may purchase a lot of the company in said faubourg, improve and reside on it shall be entitled to pass on the road in the company's cars gratis, &c., provided, that this privilege shall not continue beyond the year 1840."

2d. That the company cannot give him a good title to said lots of ground, and that he will be disturbed in his possession if he complies with the conditions of sale.

The defendant failed to appear at the trial either in person or by counsel.

The plaintiffs offered in evidence the process verbal of the auction sale, and the title under which they held the property.

The title consisted of a conveyance to the Rail Road Company by Madame Dascantel and her children, in which it appeared the property was community between the widow Dascantel and her late husband. There are several children who all joined in the conveyance with their mother, except two or three who were minors. These were to ratify when they came of age. The wife had a privilege claim of sixteen thousand dollars on the estate for her paraphernal property which protected nearly the whole title. A guarantee was given for the ratification by the minors.

The district judge in deciding the case considered it as presenting the question—" whether a court could or ought to compel a purchaser at auction who has not signed any act of sale, or given his notes, to accept a defective title with security against the defect and to complete the sale and purchase by signing an act and giving his notes, mortgage, &c."

There was judgment for the defendant.

The plaintiff's appealed.

EASTERN DIS.
*May*, 1834.

PONTCHAR-
TRAIN ROAD
ROAD CO.
*vs.*
DUREL.

*Carleton* and *Locket*, for plaintiffs

The title of plaintiff's is good, and if there be any defects security is offered to guarantee its validity.  7 *Mar. N. S.* 93.  7 *Mar.* 222.  *Louisiana Code* 2386—2601.

The district judge should have ordered the defendant to comply with the terms of the adjudication.

Defendant in *propria personœ.*

1. This is neither a judicial sale, nor a sale by the Court of Probates.  It is merely an adjudication by an auctioneer employed by private individuals.  The auctioneer is to be considered in the same light as a *broker,* an *agent,* &c. &c. The *art.* 2535 of the *Louisiana Code* is, of course, not applicable, because the sale was not complete, the law imperiously requiring an authentic act.  See *La. Code art.* 2585, 2586, 2588, 2415.  *Duranton vol.* 16, *no.* 38.

2. Even had an authentic act been executed, the sale could still have been avoided.  *See art.* 2427 *of the Louisiana Code, corresponding to art.* 1599 *of the Napoleon Code.*  " *La vente de la chose d'autries est nulli.*"  *Merlin* is conclusive on this point, *vol.* 16, *p.* 368, *Verbo Vente, vol.* 16 *of the questions de droit, Brussel edition.*  *Duranton* is of the same opinion, *vol.* 10, *no.* 437, *page* 456, 457, 458, 459.

MARTIN, J., delivered the opinion of the court.

The plaintiffs are appellants from a judgment which rejects their pretensions to the price of several lots, which they caused to be put up at auction and which were adjudicated to the defendant.  He resisted their demand on the ground that one fourteenth part of these lots was the property of a minor, at the time the plaintiffs purchased them, and the minor's title to an undivided fourteenth never passed to the plaintiffs, is still in him, and consequently the plaintiffs were unable to transfer it to their vendee, a circumstance which must have been in the knowledge of the vendors at the time of the auction, which was not disclosed to the bidders.

The points of the appellants assert that they had a good title, which had passed to the appellee, and if this be not the case, still they ought to recover, as they have tendered ample security to the vendee.

EASTERN DIS.
May, 1834.
PONTCHAR-
TRAIN RAIL
ROAD CO.
vs.
DUREL.

The record shows that at the time of the purchase of the plantation, (of which these lots constitute a part,) by the plaintiffs, and ever since, a minor owned an undivided fourteenth of the land, and his title has never been legally divested, and consequently the plaintiffs never had any legal title to this undivided fourteenth, and therefore could not transmit any to their vendee.

We have been referred to the case, of *Denis* vs. *Clagués Syndic*, 7 *Martin N. S.* 93 and *Griswold* vs. *Fulton*, 7 *Martin* 263 and *Code of Louisiana* 2586, 2601.

The counsel of the appellee has urged that both the cases cited differ materially from the present, which is that of a bidder who refused to comply with the terms of the auction, on the ground that the vendor's are not the owners of the thing sold, whilst the others were cases of vendees who had gone into possession, and had accepted their vendors deeds.

It is true that the first article of the Code to which we are referred, provides, that the adjudication is the completion of the sale, and the purchaser becomes thereby the owner of the object adjudged, and the contract is from that time subject to all the rules which govern ordinary contracts.

We have looked in vain in the articles which follow up to the 2595th., for any thing relating to the point under consideration. Those which follow the 2601st., relate to sales under a seizure or by execution.

The completion of a sale cannot vest in the vendee a title in the thing sold, which was not in the vendor, and the property of the latter is all that the former may acquire by the sale. In the present case as to the undivided fourteenth of the minor, the record shows the plaintiffs never had any title, they sold what was not theirs, the thing of another. In such a case our Code says the sale is null.

The vendee is not compelled to complete the sale and accept security. *Merlin's Questions de droit, verbo vente*, 10 *Duranton* 457 and 458. He may object to the nullity of the sale to his vendor, when it clearly appears that he has sold the thing of another, as his own, he need not wait for eviction or suit. The law does not compel him to complete a sale,

which cannot be honest by effect, and incur the odium and all the liabilities of a purchaser in bad faith.

The article 2535, which authorises the buyer who is disquieted by the action of mortgage or has just reason to suspect that he may be, to withhold the price till security be given, applies to a buyer in possession, who has accepted a deed from the seller and cannot be extended to the case of a buyer who discovers before he accepts a deed or possession that the seller sold the thing of another.

There is nothing in the objection which the appellants' counsel has presented to us in the proposition which the part of the premises to which they have a good title bears to the rest. The buyer must have what he bought and every part of it.

It is, therefore, ordered, adjudged and decreed that the judgment of District Court be affirmed with costs.

EASTERN DIS.
*May*, 1834.

The purchaser at public auction may object to the nullity of the sale to his vendor when it clearly appears that he has sold the thing of another.

The purchaser need not wait for eviction before he refuses to pay the price or complete a sale which may subject him to the odium of a purchaser in bad faith.

The article 2535 of the La. Code which authorises the buyer who is disquieted or has reason to fear eviction to withhold the price until security is given, applies to a buyer in *possession* who has accepted the sale, and not to one who discovers these defects before he accepts a deed from the seller.

It is of no avail that the vendor can give a good title to all but a very small proportion of the property sold. The buyer must have what he bought and *every part of it.*